NOT DESIGNATED FOR PUBLICATION

No. 113,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARCUS P. DUNLAP,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 5, 2016. Reversed and remanded with directions.

*Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*:  Marcus P. Dunlap appeals the district court's summary denial of his K.S.A. 60-1507 motion. Dunlap contends that the court erred when it denied him an evidentiary hearing on his ineffective assistance of counsel claims. The district court's boilerplate denial order does not address, let alone specifically reject, Dunlap's ineffective assistance claims. We have reviewed Dunlap's motion and brief, the files, pleadings, and the records of the case. Those materials do not conclusively show that Dunlap is not entitled to relief. We therefore reverse and remand the case to the district court for further proceedings under K.S.A. 60-1507.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2012, the State charged Dunlap with two counts of aggravated burglary and two counts of misdemeanor theft in case No. 12 CR 1660. Pursuant to a plea agreement, Dunlap pled guilty as charged. On May 23, 2013, the district court granted Dunlap's motion for a dispositional departure and sentenced him to a 36-month term of probation with an underlying presumptive prison sentence of 51 months.

While Dunlap was on probation the State filed new charges against him under case No. 13 CR 2383. Dunlap did not provide that court file to us in his record on appeal. We do, though, have the transcript of his plea hearing in that case. The plea hearing was combined with a hearing on the State's motion to revoke probation in case No. 12 CR 1660. It appears that in case No. 13 CR 2383 Dunlap had been charged with aggravated battery. Probation violation warrants issued in case No. 12 CR 1660 also alleged that Dunlap had committed additional offenses.

The hearing transcript confirms that, on June 4, 2014, Dunlap entered a guilty plea to a reduced charge of misdemeanor battery in case No. 13 CR 2383. The district court conducted a brief plea colloquy. It confirmed with Dunlap that he was waiving the various rights associated with a jury trial. It did not ask Dunlap if he had been promised probation if he pled guilty. Dunlap agreed that he wished to plead guilty. The district court found Dunlap guilty. The parties jointly recommended a 6-month jail sentence that would run concurrent with the sentence in case No. 12 CR 1660.

The district court then took up the State's motion to revoke probation in case No. 12 CR 1660 and Dunlap's requests for probation in each case. At the outset the court announced that Dunlap's new battery conviction constituted a violation of his probation in case No. 12 CR 1660. The court solicited suggestions on disposition from counsel. The State recommended that the district court remand Dunlap to prison to serve his 51-month

2

sentence in case No. 12 CR 1660. Dunlap and his counsel, Kurt Kerns, argued for reinstatement of probation in the older case and probation in the newer one. Finding that Dunlap was not amenable to probation and had committed a new crime, the district court revoked Dunlap's probation in case No. 12 CR 1660 and ordered him to serve the underlying 51-month prison sentence. It imposed a 6-month jail sentence in case No. 13 CR 2383 to run concurrent with the sentence in case No. 12 CR 1660. Dunlap did not file an appeal in either of his cases.

On December 1, 2014, Dunlap filed a pro se K.S.A. 60-1507 motion and brief. In his filings Dunlap challenged the propriety of the district court's revocation of his probation and raised allegations of ineffective assistance of counsel. Specifically, regarding counsel's deficiencies, Dunlap stated that his family had paid Kerns $10,000 to take case No. 13 CR 2383 to trial. According to Dunlap, Kerns visited him 1 week before the trial date and stated that he had won the case without going to trial. Kerns promised that Dunlap would be released from custody. Dunlap was not released. Kerns visited him again and advised that if he pled guilty in case No. 13 CR 2383, the district court would reinstate his probation in case No. 12 CR 1660. Based on these assurances, Dunlap agreed to plead guilty in case No. 13 CR 2383. Dunlap's filings argued that (1) the district court lacked jurisdiction to revoke his probation, (2) the court's decision to revoke his probation was arbitrary, (3) the court did not allow witnesses to testify on his behalf regarding his reinstatement to probation, (4) Kerns was ill prepared and did not even know Dunlap's criminal history, (5) Kerns did not file a notice of appeal in the cases, and (6) Kerns lied to him by promising probation which induced him to plead guilty to battery. It does not appear that the State filed a response to Dunlap's motion.

The district court judge summarily denied Dunlap's motion by signing a motion minutes order that stated: "The movant is attempting to challenge his revocation of probation and fails to state any ground for which relief can be granted pursuant to K.S.A. 60-1507." Dunlap timely appealed.

3

Dunlap contends on appeal that the district court erred by summarily denying his K.S.A. 60-1507 motion with respect to his ineffective assistance of counsel claims. He asserts that this court must reverse and remand to the district court with directions to hold a full evidentiary hearing and to make findings of fact and conclusions of law in compliance with Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271).

We note that Dunlap does not brief any claim of error regarding his motion contentions that the district court lacked jurisdiction to revoke his probation, that the court's decision to revoke his probation was arbitrary, or that the court did not allow witnesses to testify on his behalf at the revocation hearing. As a result, these claims have been abandoned on appeal. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (an issue not briefed by appellant is deemed waived and abandoned).

A district court has three options when considering a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

"Under K.S.A. 60-1507, a district court must conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 6, 172 P.3d 10 (2007). Where, as here, the district court summarily denies a K.S.A. 60-1507 motion, we exercise de novo

review. *Wahl v. State*, 301 Kan. 610, 614, 344 P.3d 385 (2015). Accordingly, we ask whether the documents of record conclusively show Dunlap is entitled to no relief. See *Sola-Morales*, 300 Kan. at 881.

To obtain relief under K.S.A. 60-1507(b), a movant must establish by a preponderance of the evidence that either:  (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b). A movant bears the burden to allege facts sufficient to warrant a hearing on the motion. See Supreme Court Rule 183(g); *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994). A movant's contentions must be more than conclusory. Rather, a movant must state an evidentiary basis in support of the claims or the basis must be evident from the record. *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014). Once a movant satisfies this burden, a district court must "'grant a hearing, unless the motion is "second" or "successive" and seeks similar relief.'" 300 Kan. at 1062 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

Kansas Supreme Court Rule 183 governs motions filed under K.S.A. 60-1507 and provides in subsection (j) that the court "must make findings of fact and conclusions of law on all issues presented." (2015 Kan. Ct. R. Annot. 273.) The purpose of this rule is to ensure a sufficient record for meaningful appellate review. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). If the district court's failure to comply with Rule 183(j) makes appellate review difficult or impossible, an appellate court will remand the case for further findings of fact and conclusions of law. In *Gaudina v. State*, 278 Kan. 103, 108, 92 P.3d 574 (2004), the Supreme Court did just that and held:  "[T]here are insufficient findings and conclusions to allow this court to review all of Gaudina's claims of ineffective assistance of counsel. Accordingly, the matter must be remanded to the district court for findings of fact and conclusions of law consistent with Rule 183(j)." But

5

if the failure to comply does not impede appellate review, remand is unnecessary. *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009). Whether a district court's findings of fact and conclusions of law comply with Rule 183(j) is a question of law subject to de novo review. 288 Kan. at 232.

Here, the district court's motion minutes order sets forth no findings of fact. It simply concludes: "The movant is attempting to challenge his revocation of probation and fails to state any ground for which relief can be granted pursuant to K.S.A. 60-1507." The order does not specifically address any of Dunlap's ineffective assistance of counsel arguments. We recognize that, generally, a party must object to inadequate findings of fact to preserve an issue for appeal. Such an objection gives the district court an opportunity to correct any alleged inadequacies. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). When no such objection is made, we can presume the district court found all facts necessary to support its judgment. However, where the record does not support such a presumption and the lack of specific findings precludes meaningful review, we can consider a remand. *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009). The record here does not support the application of this presumption.

Dunlap made a series of ineffective assistance of counsel arguments in his K.S.A. 60-1507 filings concerning Kerns' performance during the plea bargain process in case No. 13 CR 2383, which led to the revocation result in case No. 12 CR 1660. The right to effective assistance of counsel arises from the Sixth Amendment to the United States Constitution, which guarantees in "all criminal prosecutions" that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." See *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting standards established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]); accord *State v. Gonzales*, 289 Kan. 351, 357-58, 212 P.3d 215 (2009); *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). The Sixth Amendment right to counsel extends to the plea bargain process. *Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376, 1384, 182 L.

6

Ed. 2d 398 (2012). Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-prong test set forth in *Strickland. Missouri v. Frye*, 566 U.S. __, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012); *State v. Soloman*, 257 Kan. 212, 223, 891 P.2d 407 (1995).

The district court's order denying relief in this case does not allow for meaningful review of Dunlap's ineffective assistance of counsel arguments. The order does not make any findings of fact on Dunlap's claims about Kerns' alleged errors. It does not apply the two-part standard for evaluation of ineffective assistance of counsel claims set forth in *Strickland*. The facts in the record are not adequate to establish what advice Kerns gave Dunlap or what promises he might have made to Dunlap prior to his plea. Because substantial issues of fact remain to be resolved before it can be determined whether Dunlap received ineffective assistance of counsel, this court has no alternative but to remand this issue to the district court.

On remand, we direct that the district court appoint Dunlap counsel, permit the State to respond to Dunlap's filings, and conduct those further proceedings that are appropriate under K.S.A. 60-1507 and Rule 183(j). Unless the motion and the files and records of the case conclusively show that Dunlap is entitled to no relief on his claims of ineffective assistance of counsel, the district court will need to set the matter for an evidentiary hearing to resolve those claims. See K.S.A. 60-1507(b).

Reversed and remanded with directions.