(62 P.3d 672)

No. 88,043

DARRICK HARRIS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

—

Opinion filed February 7, 2003.

*Cheryl A. Stewart,* of Kansas City, for appellant.

*Frank E. Kohl,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before Beier, P.J., Elliott and GREEN, JJ.

BEIER, J.: Darrick Harris appeals from the district court's denial of his K.S.A. 60-1507 motion, alleging that the district court's journal entry failed to comply with Supreme Court Rule 183(j)(2002 Kan. Ct. R. Annot. 210).

Harris was convicted of first-degree murder and aggravated battery after a Lansing Correctional Facility fight in which one guard was killed and another severely injured. He filed the instant 60-1507 motion and was provided with counsel and an evidentiary hearing on his claims of ineffective assistance of counsel and newly discovered evidence.

At the hearing, Harris asserted that the lawyer who represented him at trial and on direct appeal failed in several specific respects to provide him with the level of representation guaranteed him by the Sixth Amendment to the United States Constitution and that those failures led to his conviction. In addition, he had obtained, and submitted for the court's consideration, an affidavit describing a posttrial admission of perjury by one of the witnesses who testi-

fied against him at trial. He alleged that this information constituted newly discovered evidence entitling him to a new trial.

The district judge who had tried Harris' case also presided at the evidentiary hearing on his 1507 motion. Harris testified, as did one of two other inmates he had wanted his lawyer to call at trial. There was no testimony from the other inmate Harris had sought unsuccessfully to have testify at trial or from Harris' trial counsel. Harris detailed his complaints about his counsel's performance at trial and on appeal.

At the conclusion of the 1507 testimony and closing arguments by both sides, the district court judge said only:

"Mr. Cornwell was Mr. Harris' choice of counsel both for trial and appeal. Mr. Cornwell is a very experienced and successful attorney, who specialized in serious criminal cases. During the trial in this case, which I heard, in no way did his performance appear to be deficient. The entire record on appeal in this case has been reviewed by the Kansas Supreme Court, and they in no way mentioned they found any of his actions deficient. And it does appear Mr. Harris regrets some tactical decisions that were made, and most especially the final determination of the jury. I have received no evidence today that would support any ground upon which relief could be granted to Mr. Harris, and I will deny his motion for the record."

The district judge's journal entry on the 1507 motion, filed approximately 5 weeks after the evidentiary hearing, set forth no substantive findings and conclusions. It said:

"[T]he Court, after hearing the evidence and arguments of counsel, finds as follows:

1. That the Defendant's K.S.A. 60-1507 Motion comes on for hearing.
2. That the Defendant's K.S.A. 60-1507 Motion is hereby denied."

Rule 183(j) requires a district court reviewing a 1507 motion, regardless of whether an evidentiary hearing is granted, to "make findings of fact and conclusions of law on all issues presented." (2002 Kan. Ct. R. Annot. 212).

We recently addressed the requirements of Rule 183(j) in *State v. Bolden*, 28 Kan. App. 2d 879, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001). We observed:

"Last year, in *State v. Moncla*, 269 Kan. 61, 4 P.3d 618 (2000), the Kansas Supreme Court made clear that Rule 183(j) has teeth. . . .

. . . .

> "*Moncla* counsels us to monitor district court compliance with Rule 183(j) more strictly than we may have in the past. . . . Under *Moncla*, the district court's order in this case was insufficient because it failed to make findings of fact and conclusions of law regarding each of Bolden's arguments. The court's failure to address the two-part ineffective assistance of counsel test is very similar to the court's neglect of the applicable test for newly discovered evidence in *Moncla*. Even if this case were not ripe for reversal for an evidentiary hearing, it would be remanded for compliance with Rule 183(j)." 28 Kan. App. 2d at 883-84.

On this appeal, Harris focuses exclusively on perceived deficiencies in the district court's journal entry. We agree that those deficiencies are obvious, but this argument misses the central point of *Bolden, State v. Moncla,* 269 Kan. 61, 4 P.3d 618 (2000), and the rule they interpret. As *Moncla* explained, the purpose of requiring stricter compliance with Rule 183(j) is to ensure an opportunity for meaningful appellate review. 269 Kan. at 65. Without explicit district court findings and conclusions on the specific issues raised by the movant, it is difficult if not impossible for this court or the Supreme Court to evaluate whether the motion should have been granted or denied.

We therefore must look not only to the district court's expression of its findings and conclusions in its journal entry but to its oral expression at the time of the hearing. If the record contains a transcript of the district judge's oral findings and conclusions, and they meet Rule 183(j)'s requirements, remand is not required and we can proceed to the merits of the appeal.

In this case, the oral findings and conclusions reflected in the hearing transcript also are deficient. They address neither the two-part standard for evaluation of ineffective assistance of counsel claims, see *State v. Hedges,* 269 Kan. 895, 913, 8 P.3d 1259 (2000), nor the two-part standard for evaluation of newly discovered evidence claims, see *Moncla,* 269 Kan. at 64. They do not specifically respond to any of Harris' claims about his counsel's alleged errors. They must, in order for us to have meaningful opportunity for appellate review.

One further point bears mention: Because remand is an inefficient remedy for this recurring problem, we have thoroughly re-

viewed the hearing transcript and record to ascertain whether we can characterize the district judge's specific findings and conclusions as implied by its oral statement at the hearing. Although certain infirmities in Harris' factual presentation and legal reasoning are obvious, we simply cannot read the judge's mind and dispose of every claim. Our effort was further impeded by the judge's oral reference to irrelevant material, *e.g.*, the facts that Harris chose his trial and appellate lawyer and that the lawyer was experienced and enjoyed a good reputation. Remand is, unfortunately for an overburdened system, unavoidable.

Reversed and remanded for entry of findings of fact and conclusions of law consistent with Rule 183(j) and this opinion.