NOT DESIGNATED FOR PUBLICATION

No. 112,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MALCOLM T. HUTTON, JR.,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed January 29, 2016. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.

*Per Curiam*:  Malcolm T. Hutton, Jr., appeals the summary denial of his second K.S.A. 60-1507 motion, which was denied by the district court as being untimely filed. Finding no error, we affirm the district court's judgment.

On November 11, 2006, Hutton was convicted of rape after a bench trial on stipulated facts. The stipulated facts were that a 13-year-old girl became pregnant after engaging in sexual intercourse with Hutton who was 25 years old. DNA testing of the

1

child revealed a 99.9 percent chance that Hutton was the baby's father. Hutton had requested that his father's DNA be tested to determine if he was the father of the baby. However, testing determined there was only a 0.0012 percent chance that Hutton's father was the father of the baby.

Hutton was sentenced to 214 months' imprisonment. He filed a direct appeal alleging that the district court erred by denying his right to present mitigating evidence at sentencing and by basing his sentence on a criminal history score that was not proved to a jury beyond a reasonable doubt. This court affirmed Hutton's conviction and sentence on July 18, 2008. *State v. Hutton*, No. 98,374, 2008 WL 2796466 (Kan. App. 2008) (unpublished opinion), *rev. denied* 287 Kan. 767 (2009) (*Hutton I*). The Kansas Supreme Court denied review of Hutton's direct appeal on January 22, 2009.

Hutton later filed his first K.S.A. 60-1507 motion. *Hutton v. State*, No. 105,824, 2012 WL 2149786 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1130 (2013) (*Hutton II*). In the motion, Hutton alleged that his trial counsel was ineffective because he did not adequately explain what would happen if Hutton waived his right to a jury trial and because he did not force the State to provide Hutton with a speedy trial so that the trial would have occurred before the child's birth and before DNA evidence of Hutton's paternity could be collected. 2012 WL 2149786, at *1. The district court denied Hutton's motion, and this court affirmed the denial on June 8, 2012. 2012 WL 2149786, at *1-2. Our Supreme Court denied Hutton's petition for review on March 26, 2013.

Hutton filed his second K.S.A. 60-1507 motion on March 3, 2014. In the motion, Hutton alleged that:  (1) his due process rights were violated by the use of unconstitutionally obtained witness statements; (2) his Fourth Amendment rights were violated because the search warrant for his DNA and arrest warrant were based on false, omitted, and unsworn information and lacked probable cause; (3) his due process rights were violated because his conviction was not supported by evidence and the district court

did not find him guilty of each essential element of the offense; (4) he received ineffective assistance of counsel from his trial attorney and his direct appeal attorney; and (5) he received ineffective assistance of counsel from his appointed attorney in his first K.S.A. 60-1507 motion.

The district court denied Hutton's motion in an order filed on April 1, 2014. The order stated: "Motion denied, untimely, failed to show any manifest injustice." Hutton filed a motion to alter or amend judgment with the district court, requesting more specific findings. The district court denied this motion on June 12, 2014. Hutton filed a notice of appeal. This court initially remanded the case to the district court to determine whether the notice of appeal was timely filed. The district court found that the notice was timely filed under the mailbox rule; thus, this court retained jurisdiction of the appeal.

On appeal, Hutton argues that the district court erred in summarily denying his second K.S.A. 60-1507 motion as being untimely filed. Hutton argues that his motion was timely under K.S.A. 60-1507(f) because it was brought within 1 year of this court's denial of his first K.S.A. 60-1507 motion. In the alternative, he argues there was manifest injustice to allow the untimely filing. Finally, Hutton argues that the district court failed to make adequate findings as required by Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271).

The district court summarily denied Hutton's K.S.A. 60-1507 motion without holding a hearing. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

K.S.A. 60-1507(f) provides:

3

"(1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

Hutton's argument that his second K.S.A. 60-1507 motion was timely filed because it was filed within 1 year of the denial of his first K.S.A. 60-1507 is without merit. Under the plain language of K.S.A. 60-1507(f)(1), Hutton was required to file his motion within 1 year of the denial of his direct appeal. See *Overton v. State*, No. 111,181, 2015 WL 1636732 (Kan. App. 2015) (unpublished opinion). The Kansas Supreme Court denied Hutton's petition for review of his direct appeal on January 22, 2009. Thus, his deadline for filing a K.S.A. 60-1507 motion was 1 year from that date.

Because Hutton's motion was not timely filed, it may be allowed only if consideration of the motion is necessary to prevent manifest injustice. See K.S.A. 60-1507(f)(2). Whether manifest injustice would result is determined from the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). To determine whether manifest injustice would occur, this court must consider the following nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence. 299 Kan. at 616.

The first *Vontress* factor does not weigh in Hutton's favor in terms of establishing manifest injustice to allow the untimely filing of his motion on most of his claims. Although Hutton's K.S.A. 60-1507 motion is several pages in length, the rambling

4

motion fails to assert any persuasive reasons or circumstances that prevented him from filing the motion within the time limitation, except for Hutton's claim that he received ineffective assistance of counsel in his first K.S.A. 60-1507 motion, which we will discuss in more detail later in this opinion. See *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013) (movant who files untimely K.S.A. 60-1507 motion and fails to assert manifest injustice is procedurally barred from maintaining the action).

The second *Vontress* factor—whether the merits of the movant's claims raise substantial issues of law or fact—also does not weigh in Hutton's favor in terms of establishing manifest injustice. Most of Hutton's claims in his second K.S.A. 60-1507 motion were addressed or could have been addressed either in his direct appeal or his first K.S.A. 60-1507 motion. The only claim in Hutton's second K.S.A. 60-1507 motion that was not successive was his claim that he received ineffective assistance of counsel in his first K.S.A. 60-1507 motion. But a review of the motion, files, and records in the case establish that this claim is without merit.

Hutton argues that his K.S.A. 60-1507 counsel was ineffective because he failed to sufficiently investigate his case and discover that Hutton's trial counsel was ineffective at the sentencing hearing. Hutton alleges his trial counsel was ineffective at the sentencing hearing because he failed to proffer the proposed testimony of Hutton's wife after Hutton was denied his right to present evidence in mitigation of his punishment.

But the issue of whether the district court erred by denying Hutton's right to present mitigating evidence at sentencing was raised in Hutton's direct appeal. This court found that Hutton's right to full allocution was denied and noted that his trial counsel failed to proffer what Hutton's wife would have stated to the district court at sentencing. *Hutton I*, 2008 WL 2796466, at *2-3. However, this court also found that the error was harmless and that Hutton's substantial rights were not prejudiced by his counsel's failure to proffer the wife's testimony. 2008 WL 2796466, at *2-3. This court noted that Hutton's

counsel informed the sentencing judge that Hutton was a hardworking young man with several children to support. 2008 WL 2796466, at *2-3. Counsel also informed the sentencing judge that the victim and her mother wanted Hutton to receive a reduced sentence. 2008 WL 2796466, at *2-3. Based on these facts and the fact that Hutton received the standard midrange presumptive sentencing, this court found that counsel's failure to proffer the wife's testimony was harmless error. 2008 WL 2796466, at *3.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales*, 300 Kan. at 882. This court's reasoning in Hutton's direct appeal makes it apparent that Hutton's allegation of ineffective assistance of trial counsel is meritless. Because Hutton does not have a valid claim of ineffective assistance of trial counsel, his first K.S.A. 60-1507 counsel cannot be deemed ineffective for failing to raise this meritless claim. Stated differently, Hutton is unable to show prejudice on his claim that his K.S.A. 60-1507 counsel was ineffective. Therefore, Hutton's second K.S.A. 60-1507 motion does not raise a substantial issue of law or fact.

The third *Vontress* factor—whether the movant sets forth a colorable claim of actual innocence—also does not weigh in Hutton's favor in terms of establishing manifest injustice. The record reflects that Hutton has failed to make any colorable claim of actual innocence. So to wrap up, Hutton's only claim that was not procedurally barred was his claim that his K.S.A. 60-1507 counsel was ineffective. But the motion, files, and record of the case conclusively show that this claim is without merit.

Finally, Hutton argues that this case must be remanded because the district court failed to comply with Supreme Court Rule 183(j) when it made no specific findings as to each claim Hutton raised in his motion. Whether the district court's findings of fact and

6

conclusions of law comply with Supreme Court Rule 183(j) is a question of law that is reviewed de novo. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

The purpose of compliance with Rule 183(j) is to ensure an opportunity for meaningful appellate review. *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Here, the district court's order denying Hutton's motion stated: "Motion denied, untimely, failed to show any manifest injustice." The district court made it clear that it was denying the motion because it was untimely and Hutton had not shown manifest injustice to extend the time limit of K.S.A. 60-1507(f). The district court's findings were sufficient to allow an opportunity for meaningful appellate review.

Affirmed.