NOT DESIGNATED FOR PUBLICATION

No. 112,481

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALLEN MICHAEL TODD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed July 29, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Allen Michael Todd*, appellant pro se.

*Christopher L. Schneider*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*:  Allen Michael Todd was convicted of intentional second-degree murder. Todd took a direct appeal from that conviction alleging numerous trial errors; his convictions were affirmed. *State v. Todd*, No. 98,145, 2008 WL 5428174 (Kan. App. 2008) (unpublished opinion), *rev. denied* 289 Kan. 1285 (2009). Todd then filed a motion for relief pursuant to K.S.A. 60-1507. Following an evidentiary hearing, the district court denied relief. Todd brings this appeal alleging:  (1) the district court failed to make

1

sufficient findings of fact and conclusions of law when it denied relief; and (2) the district court committed error when it concluded that trial counsel had provided reasonable representation. Finding no error, we affirm the district court.

*Did the district court make sufficient findings of fact and conclusions of law when it denied Todd relief?*

The sole issue argued by Todd's appellate counsel is that the district court did not comply with Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271) when it denied the K.S.A. 60-1507 motion. Whether the district court complied with the requirements of Rule 183(j) is a question of law over which we exercise de novo review. *Phillips v. State*, 282 Kan. 154, 178-79, 144 P.3d 48 (2006). In order to preserve a challenge to the sufficiency of a district court's findings and conclusions for appellate review, the party claiming insufficiency must object and give the district court the first opportunity to correct any error. 282 Kan. at 179. In situations where the appellant failed to object below, we may presume that the district court found all facts necessary to support its judgment. 282 Kan. at 179. We will, however, remand a case that lacks specific findings if the district court's error precludes meaningful appellate review.

In this case, Todd acknowledges that he did not object to the specificity of the district court's findings. Nevertheless, he argues they were so deficient that they preclude meaningful appellate review. Accordingly, we turn our attention to the issues raised in Todd's K.S.A. 60-1507 motion and the district court's rulings on those issues.

Todd's K.S.A. 60-1507 motion attacked his sentence on five grounds:  (1) prosecutorial misconduct; (2) his ability to present a defense was impeded when the district court prevented him from introducing hearsay evidence and evidence of the victim's prior convictions; (3) denial of the right to a fair trial based on the issuance of an

*Allen* instruction; (4) ineffective assistance of counsel at trial and on direct appeal; and (5) cumulative error.

The district court quickly dispensed with the first three of Todd's five issues at the end of the evidentiary hearing, noting:

> "The prosecutorial misconduct was, in fact, raised on direct appeal. And the same with the—with the hearsay statement of the defendant's mother. And also the other issue was the question of the *Allen* instruction [instruction 14], and that issue's been raised over and over again. I don't believe that it would have—that it made any difference in this case."

In Todd's direct appeal, we did consider Todd's claims related to prosecutorial misconduct as well as the claim that Todd's right to present a defense was impaired by the exclusion of certain evidence, including the hearsay statements of Todd's mother and evidence of the victim's prior gun convictions. See *Todd*, 2008 WL 5428174. Because these claims had already been addressed on direct appeal, it was proper for the district court to summarily dismiss them. See Kansas Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used . . . as a substitute for a second appeal."). Just because the district court was succinct in its ruling on these issues does not mean that its ruling was not in compliance with Rule 183(j). The district court noted these issues had been raised on direct appeal. The law is well settled that you do not get to use K.S.A. 60-1507 as a vehicle for a second appeal. There is no reason for the district court to take two pages of transcript to convey what can be said in two sentences.

As to the issue related to the *Allen* instruction, although Todd did not raise this issue on direct appeal, he certainly could have. In fact, in his direct appeal Todd challenged a number of other instructions that were given by the district court at trial. As noted above, a K.S.A. 60-1507 motion cannot be used as a substitute for a direct appeal

3

or as a substitute for a second appeal. Kansas Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271). Because such claims are disallowed except under circumstances when a constitutional right is impacted by the alleged error, summary dismissal was appropriate.

In any event, Todd's complaint in this appeal is that the district court did not make sufficient findings of fact and conclusions of law in dispensing of the allegations of trial error involving the *Allen* instruction. But remand is only necessary if the failure to make specific findings precludes meaningful appellate review. *Phillips*, 282 Kan. at 179.

Todd did not object to the giving of the *Allen* instruction at trial. As such, the record is reviewed posttrial to determine whether the use of the instruction was clearly erroneous. In order to apply this standard of review, the reviewing court "first determines whether the instruction was erroneous. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). This is a legal question subject to de novo review. 299 Kan. at 135. In the next step, the court will review the entire record to determine whether it was clearly erroneous for the trial court to give the instruction. 299 Kan. at 135. An instruction will only be found to be clearly erroneous if the reviewing court is "firmly convinced the jury would have reached a different verdict without the error." 299 Kan. at 135.

Given this standard of review, insufficient findings by the district court on the propriety of the use of the *Allen* instruction would not preclude meaningful appellate review. In this appeal, Todd does not make any argument that it was error for the district court to deny his request for relief pursuant to K.S.A. 60-1507 based on the fact that an *Allen* instruction had been given in his trial. He simply complains about the adequacy of the district court's findings on this issue. We find that the district court's findings were sufficient on the issue of the *Allen* instruction, and even if the district court did commit error in the sufficiency of its findings, such error would not preclude appellate review and therefore does not require remand to the district court.

4

As to the claim that the district court made insufficient findings of fact concerning Todd's claim of ineffective assistance of trial counsel, the district court addressed each allegation of defective performance Todd raised during the evidentiary hearing and concluded that each claim was without merit. The district court summarized its view of trial counsel's performance as follows:

> "In looking at Mr. Ball's representation . . . I'm sure it wasn't perfect. They seldom are. But he certainly represented his client in a manner that got to the jury the defense theory on this case, which was that Mr. Todd was justified in killing Mr. Palton. And the jury just did not buy that.
>
> . . . .
>
> "So I believe his representation was more than adequate."

Whether counsel's performance was deficient is determined by the two-part *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) test. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). Under *Strickland*, the court first determines if counsel's performance was deficient under a totality of the circumstances. *State v. Bledsoe*, 283 Kan. 81, 90, 150 P.3d 868 (2007). If counsel's performance was deficient, the court next determines if there was prejudice to the defendant, that is, whether there is a reasonable probability that the jury would have reached a different result absent the deficiencies in counsel's performance. 283 Kan. at 90. We prefer that the district court include this analysis when resolving issues of ineffective assistance of counsel. See *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003).

In this case, although the district court did not reference *Strickland*, it did address each of Todd's claims of ineffective assistance and concluded that trial counsel's performance was reasonable. Because the district court concluded that trial counsel's performance was reasonable, there was no need to address the second part of the *Strickland* test—whether Todd was prejudiced by counsel's performance. Again, Todd's

appellate counsel does not argue that this determination was in error, only that the district court failed to articulate sufficient findings of fact and conclusions of law in support of its ruling. We conclude that the district court's findings of fact and conclusions of law on this issue were sufficient to allow for meaningful appellate review.

Finally, Todd claimed in his K.S.A. 60-1507 motion that his counsel on direct appeal was ineffective. Nevertheless, at the evidentiary hearing on the motion, Todd's appellate counsel was not called as a witness and was only briefly mentioned during the hearing. The extent of Todd's testimony on the subject was that his appellate attorney provided him with trial transcripts but did not otherwise consult with him about the appeal. Todd made no argument and presented no evidence that the outcome of his appeal would have been different had his appellate counsel consulted with him about his appeal.

When a prisoner requests relief under K.S.A. 60-1507 on the basis of ineffective assistance of appellate counsel, the movant bears the burden of proving two things: (1) that appellate counsel's performance fell below an objective standard of reasonableness, and (2) "'the appellant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful.'" *Laymon v. State*, 280 Kan. 430, 437, 122 P.3d 326 (2005).

On this issue, the district court held:

"So I believe [the trial attorney's] representation was more than adequate, and I don't find anything in what has been raised now that would lead me to a different finding about the appellate counsel. He raised issues that were kind of glaring issues in the trial and tried to run those by the Court of Appeals, and they didn't believe him."

6

Although this conclusion is very brief, we hardly see how the district court could have given a more detailed ruling given the lack of attention that Todd gave to this issue at the evidentiary hearing. While Todd complained about the fact that his appellate counsel did not consult with him during the direct appeal, he did not identify any issue that he thought should have been raised in the direct appeal that was not addressed by appellate counsel, or that the lack of consultation impaired in any way appellate counsel's ability to fully argue the issues that were presented in the direct appeal. The district court concluded that appellate counsel raised the "glaring" trial issues in the direct appeal, and that this constituted reasonable representation. The district court's findings of fact and conclusions of law on this issue were sufficient to allow for meaningful appellate review.

*Did the district court commit error when it concluded that Todd's trial counsel provided reasonable representation?*

In his supplemental pro se brief, Todd argues that the district court committed error in its determination that his trial counsel provided reasonable representation. Specifically, Todd argues that his trial counsel, Charles Ball, was deficient in failing to call Myka Hoskins as a witness and by failing to disclose to him a plea offer. Our review of this issue is bifurcated because such issues present mixed questions of law and fact. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014). Factual issues are reviewed for substantial competent evidence and the legal conclusions based on those facts are reviewed de novo. 299 Kan. at 343.

Judicial scrutiny of counsel's performance in an ineffective assistance of counsel claim is highly deferential; this court presumes that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). As noted above, to prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient based on a totality of the circumstances and that such deficiencies resulted in prejudice, meaning that

7

there is a reasonable probability that but for counsel's errors the jury would have reached a different verdict. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland*, 466 U.S. at 687). We begin our analysis of this issue by noting that the judge who presided over the evidentiary hearing on Todd's K.S.A. 60-1507 motion was the same judge who presided over Todd's underlying criminal trial.

Todd first contends that Ball erred when he chose not to have Hoskins testify at trial. According to Todd, Hoskins would have testified that she saw that the victim had a gun—evidence that would have supported Todd's claim of self-defense. At the K.S.A. 60-1507 hearing Todd testified that Ball told him the reason he opted not to have Hopkins testify was because she was only 16 years old at the time of trial. Ball testified that he could not remember why he did not call Hoskins, but knew there was "a valid reason." Ball speculated that the reason may have been that there was a pending CINC case in which Hoskins was involved.

At the close of the hearing, the district court concluded that Ball's decision not to put Hoskins on the stand was a reasoned, professional judgment. The district court recognized that there are any number of reasons why Ball may have elected not to call Hoskins, and that "it's difficult to second-guess when somebody—an attorney with knowledge of what a witness's testimony would be decides that he's not going to call him."

"'It is within the province of a lawyer to decide what witnesses to call, whether and how to conduct cross-examination, and other strategic and tactical decisions.'" *Sola-Morales*, 300 Kan. at 887. Because so much deference is given to attorneys to make strategic trial decisions, in order for a defendant to prevail on a claim of ineffective assistance of counsel based on the attorney's decision not to call a certain witness, the defendant must establish that "the trial counsel's alleged deficiencies were not the result of strategy." 300 Kan. at 888.

8

We note that Todd did not call Hoskins as a witness at the evidentiary hearing on his K.S.A. 60-1507 motion. Accordingly, whether Hoskins would have offered the trial testimony Todd claims she would have offered is, to a certain degree, conjecture. Todd conceded at the evidentiary hearing that Ball had talked to Hoskins' mother before making the decision not to call Hoskins as a witness. So Ball had some idea of what Hoskins' trial testimony would have been when he made the decision not to call her as a witness.

In any event, Todd bears the burden of establishing that Ball's decision not to call Hoskins was not the result of trial strategy. We conclude that Todd has not carried this burden. There is evidence in the record that Ball knew that Hoskins was a potential witness, that he spoke with Hoskins' mother, and that he made a conscious decision not to call her as a witness. Although Ball could not recall years after the trial why he made that decision, it is clear from the record that the decision was a strategic one. The district court committed no error in denying Todd's claim of ineffective assistance of counsel on this ground.

Todd next claims that Ball was ineffective for failing to communicate the State's offer of a plea deal to him. This claim is easily addressed. Todd failed to present any evidence that the State ever made a plea offer. Todd readily conceded that he was not interested in any plea offers. Because Todd never authorized Ball to engage in plea negotiations, the district court correctly observed "if your client tells you he doesn't want a plea, you're not really ethically in a position to get a plea offer." Ball could not have communicated a plea offer that was never made by the State, nor could he have initiated plea negotiations without Todd's authorization. The district court correctly denied Todd's claim of ineffective assistance of counsel on this ground.

Affirmed.

9