NOT DESIGNATED FOR PUBLICATION

No. 112,446

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER M. TROTTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed February 3, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*: Christopher M. Trotter appeals the district court's denial of his second K.S.A. 60-1507 motion. Trotter claimed that the sentencing scheme used to sentence him to a "hard 50" sentence was unconstitutional based on the decision of the United States Supreme Court in *Alleyne v. United States,* 570 U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The district court denied Trotter's motion after concluding that *Alleyne* would not apply retroactively to cases already final when *Alleyne* was decided.

1

On appeal, Trotter argues that the district court failed to make adequate findings of fact and conclusions of law, in violation of Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271) and, therefore, this court should remand the case.

We find that the record as a whole demonstrates the district court made adequate findings of fact and conclusions of law to permit meaningful appellate review. Thus, remand is unnecessary and the judgment of the district court is affirmed.

*Factual and Procedural Background*

In July 2003, a jury found Trotter guilty of premeditated first-degree murder, capital murder, aggravated robbery, and conspiracy to commit aggravated robbery. The charges stemmed from the 2001 murder of Traylennea Huff and James Darnell Wallace, who were shot and killed during the course of an aggravated robbery that Trotter and others planned. The jury was unable to reach a unanimous decision to impose the death penalty for the capital murder conviction. The district court then sentenced Trotter to life in prison with no possibility of parole for 50 years for each of the murder convictions, 79 months' imprisonment for aggravated robbery, and 32 months' imprisonment for the conspiracy conviction, all to run concurrent. Trotter appealed, and the Kansas Supreme Court upheld his convictions. *State v. Trotter*, 280 Kan. 800, 820, 127 P.3d 972 (2006) (*Trotter I*).

Less than 1 year after his direct appeal was final, Trotter filed a K.S.A. 60-1507 motion. Ultimately, the Kansas Supreme Court reversed Trotter's conviction of first-degree murder, concluding that the first-degree murder charge was a lesser included offense of capital murder and, accordingly, that Trotter could not be convicted of both offenses arising from the same conduct. *State v. Trotter*, 288 Kan. 112, 129-31, 200 P.3d 1236 (2009) (*Trotter II*).

Trotter subsequently filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504, contending the charging document was fatally defective, so the district court did not have jurisdiction. The Kansas Supreme Court held that the district court did not err in summarily denying the motion because defective complaint claims are not properly raised in a motion to correct an illegal sentence. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (*Trotter III*).

In July 2013, Trotter filed another pro se postconviction motion, the subject of this appeal. He argued that the Kansas hard 50 sentencing scheme is unconstitutional based on *Alleyne*, 133 S. Ct. 2151, and, therefore, his sentence should be vacated. He also argues that cumulative trial error denied him the right to a fair trial.

The State asked the district court to dismiss Trotter's motion, arguing in part that the motion was successive and untimely. The State also argued that *Alleyne* would not impact Trotter's case because the new rule in *Alleyne* would not apply retroactively to cases already final when the decision was issued and that cumulative error is not valid grounds for relief under K.S.A. 60-1507 because it is an issue that should have been raised on direct appeal.

After Trotter was appointed an attorney, Trotter (through his attorney) filed a response to the State's motion to dismiss. Trotter argued that exceptional circumstances and manifest injustice should allow him to file an otherwise successive and untimely K.S.A. 60-1507 motion due to the intervening change in law in *Alleyne* and that *Alleyne* would apply retroactively to his case. The response did not address Trotter's cumulative error argument.

The district court held a nonevidentiary hearing in October 2013. Unfortunately, the court reporter's equipment malfunctioned and the recording of the hearing was lost or destroyed. The district judge, attorney for the State, and counsel for Trotter later

3

attempted to reconstruct what had happened at the hearing in an agreed-upon statement in accordance with Supreme Court Rule 3.04 (2015 Kan. Ct. R. Annot. 25). In the resulting five-page document filed on January 19, 2016, the parties agreed that the district court had "ruled from the bench that Mr. Trotter's motion was without merit." The district court also concluded, "based on *State v. Gould*, 271 Kan. 394[, 23 P.3d 801 (2001),] (which held that *Apprendi* was not retroactive) and three Federal District Court cases, including one from Kansas (which held that *Alleyne* was not retroactive), that *Alleyne* would not be applied retroactively in Kansas."

The district court also issued a written journal entry in October 2013. The district court determined that Trotter's motion was filed as a motion for relief under K.S.A. 60-1507 but decided to consider it as both a 1507 motion and as a motion to correct an illegal sentence. The court also found that because the motion involved only issues of law, Trotter was not required to be present for the hearing. The court concluded that although the procedural issues (timeliness and the successive nature of the petition) would not prevent the court from considering the merits of the case, Trotter was not entitled to relief:

> "4. The district court finds that the procedural issues involved in this matter, namely the second or successive petitions and time limitations, will not be dispositive so that the district court can rule upon the substantive matters before it thus enabling the appellate courts to review the issues.
> "[5.] Upon considering the arguments of counsel, the facts of the matter and the law, the court hereby denies Christopher Trotter's motion when considered as either a motion for relief pursuant to K.S.A. 60-1507 or as a motion to correct an illegal sentence."

Trotter appeals to this court.

4

*The district court's denial of Trotter's K.S.A. 60-1507 motion complied with the requirements of Kansas Supreme Court Rule 183(j).*

Trotter contends that the case must be remanded because the district court failed to comply with the requirement of Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271) to make findings of fact and conclusions of law on all issues presented in a K.S.A. 60-1507 motion. The State argues that the record as a whole shows that the district court made sufficient findings of fact and conclusions of law and properly denied the motion.

A district court has three options when considering a K.S.A. 60-1507 motion. First, the court may determine that the motion, files, and records of the case conclusively show that the movant is not entitled to relief and summarily deny the motion. Second, the court may determine that the motion raises a potentially substantial issue and hold a preliminary, nonevidentiary hearing. If the court then determines there is no substantial issue, it may deny the motion. Third, the court may determine from the motion, files, records, or preliminary hearing that the matter presents a substantial issue and requires a full evidentiary hearing. *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013). Here, the court held a preliminary hearing and then denied the motion.

Under Rule 183(j), the district court "must make findings of fact and conclusions of law on all issues presented" when ruling on a K.S.A. 60-1507 motion. (2015 Kan. Ct. R. Annot. 273). The purpose of the rule is to ensure a sufficient record for meaningful appellate review. See, *e.g.*, *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000); *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Whether a district court complied with Rule 183(j) is a question of law, which this court reviews independently with no required deference to the district court's conclusion. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

5

In determining whether the district court complied with Rule 183(j), the reviewing court considers the district court's written journal entry and any oral rulings or expressions it made at the time of the hearing. *Harris*, 31 Kan. App. 2d at 239. If the district court's failure to comply with Rule 183(j) makes appellate review difficult or impossible, an appellate court will remand the case for further findings of fact and conclusions of law. *Gaudina v. State*, 278 Kan. 103, 108, 92 P.3d 574 (2004). So long as the court's failure to comply does not impede appellate review, remand is unnecessary. See *Robertson*, 288 Kan. at 232-33 (determining district court's "sparse" ruling still enabled meaningful review); *Dunlap v. State*, No. 113,592, 2016 WL 4161338, at *3 (Kan. App. 2016) (unpublished opinion).

> "'Generally, a litigant must object to inadequate findings of fact and conclusions of law to give the district court the opportunity to correct them, and in the absence of an objection, omissions in findings will not be considered on appeal. *Gilkey v. State,* 31 Kan. App. 2d 77, 77-78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003). Where no objection is made, this court will presume the district court found all facts necessary to support its judgment. However, this court may still consider a remand if the lack of specific findings precludes meaningful review. 31 Kan. App. 2d at 78." *Phillips v. State*, 282 Kan. 154, 179, 144 P.3d 48 (2006).

This court may still remand the case if the lack of specific findings precludes meaningful review. *Phillips*, 282 Kan. at 179. Nothing in the record indicates Trotter objected or raised this issue before the district court.

In this case, remand is not necessary as the court's findings and conclusions of law are sufficient to enable meaningful appellate review. Trotter first takes issue with the district court deciding to consider the motion as a both a K.S.A. 60-1507 motion and as a motion to correct an illegal sentence. However, this is a common approach for courts. See, *e.g.*, *Trotter III*, 296 Kan. at 898 (defendant requesting the appellate court treat his pro se motion to correct an illegal sentence as K.S.A. 60-1507 motion); *State v. Harp*,

283 Kan. 740, 744, 156 P.3d 1268 (2007) (noting that district court could have construed defendant's pro se motion to correct an illegal sentence as a K.S.A. 60-1507 motion).

Clear Supreme Court precedent establishes that Trotter could not raise a constitutional challenge to his sentence in a motion to correct an illegal sentence. *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007); see also *State v. Moncla*, 301 Kan. 549, Syl. ¶ 4, 343 P.3d 1161 (2015) (rejecting defendant's challenge to hard 40 sentence based on *Alleyne* in motion to correct an illegal sentence). The district court did not err in denying Trotter's motion when considered as a motion to correct an illegal sentence.

The district court also did not err in denying Trotter's motion when considered as a K.S.A. 60-1507 motion. Trotter argues that the district court's journal entry does not provide adequate facts and conclusions of law in considering the merits of his motion. The journal entry by itself would not enable meaningful appellate review, but the written journal entry and the agreed-upon statement of proceedings together clearly indicate the district court denied Trotter's K.S.A. 60-1507 motion after concluding that *Alleyne* would not apply retroactively. It is significant that Trotter has not argued the district court's ultimate finding is incorrect or inconsistent with the law. In fact, a panel of this court concluded in *Verge v. State*, 50 Kan. App. 2d 591, Syl., 335 P.3d 679 (2014), *rev. denied* 302 Kan. 1022 (2015), that *Alleyne* does not apply retroactively to cases on collateral appeal. As such, remand for additional findings of fact and conclusions of law is not necessary.

Finally, the district court apparently did not address the cumulative error argument raised by Trotter in his original pro se K.S.A. 60-1507 motion. He has not argued on appeal that this was an error. In fact, he states in his appellate brief that "[a]ll of these issues [related to cumulative error] were raised on direct appeal or should have been raised." Since a 1507 motion is not a substitute for a second appeal to correct mere trial

7

errors, Trotter's omission and concession have effectively waived any further consideration of the cumulative error issue.

The judgment of the district court is affirmed.