NOT DESIGNATED FOR PUBLICATION

No. 119,471

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENDRICK DAVIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed June 28, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON AND BRUNS, JJ.

PER CURIAM: Kendrick Davis filed a postconviction motion for application of actual innocence pursuant to *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The district court summarily dismissed the motion. Davis appeals. We affirm.

FACTS

In 2011, the State charged Davis with two counts of criminal solicitation to commit first-degree murder. Before trial, defense counsel moved to disallow testimony of

State's witness Charles Acosta under Twenty-Eighth Judicial District Local Rule No. 4.108 in which probationers and parolees cannot serve as confidential informants for any law enforcement agency. Here, the Salina Police Department (SPD) used Acosta as a confidential informant (CI) to record a conversation with Davis in the Saline County Jail. Defense Counsel also moved to disqualify Saline County Attorney Ellen Mitchell from prosecuting and Judge Jerome Hellmer from presiding over the case as they had met with Court Services Officer Kevin Emerson prior to SPD employing Acosta as an informant. Four months later, counsel moved to suppress any and all statements by Acosta, including the recorded conversation with Davis, because Acosta acted as an agent of a law enforcement agency and Davis had not been *Mirandized*. The district court denied Davis' motions.

Following a three-day trial, the jury found Davis guilty of both counts. The district court sentenced Davis to 168 months' incarceration with 36 months of postrelease supervision, with the sentence to run consecutive to two cases for which Davis had already been sentenced.

On direct appeal, Davis argued the district court erred in denying his motion to suppress Acosta's testimony, his two convictions were multiplicitous, and the district court violated his constitutional rights by using his criminal history score to increase his sentence. This court affirmed Davis' convictions and sentence. *State v. Davis*, No. 109,290, 2014 WL 4080061, at *5 (Kan. App. 2014) (unpublished opinion).

On October 11, 2016, Davis filed a pro se motion for a directed verdict or acquittal (2016 motion) based on "actual innocence" and "legal innocence." Davis raised four issues: (1) Judge Hellmer and County Attorney Mitchell conspired to violate the local court rule to obtain a conviction; (2) defense counsel was ineffective for failing to properly challenge the violation of local court rule 4.108; (3) the district court violated

2

his Sixth Amendment right to a fair trial by admitting K.S.A. 60-455 evidence; and (4) "actual innocence" pursuant to *Schlup.*

The district court found the motion was untimely under K.S.A. 22-3419, which provides motions for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as fixed by the district court before the end of the seven-day period. Because courts look at the substance over the form of motions, the district court reviewed the motion as a K.S.A. 60-1507 motion. While a motion under K.S.A. 2018 Supp. 60-1507 must be filed within one year from the termination of appellate jurisdiction, the one-year time limit may be extended to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f). The district court held:

> "Notwithstanding the fact that the Defendant did not docket the matter separately as a civil action or substantially comply with the judicial counsel form, the Defendant filed the motion past the one year time limitation. See K.S.A. 60-1507(f). The inquiry then turns to why the Defendant failed to file within one year and whether he made a colorable claim of actual innocence. Defendant's motion fails to address the reason for delay or provide any support as to why a late filing should be allowed to prevent manifest injustice."

The court denied Davis' motion as he failed to provide a factual basis to justify an extension of the time limitations; therefore, it was untimely. Davis did not appeal the district court's determination.

On February 21, 2017, Davis filed a pro se motion for application of actual innocence pursuant to *Schlup*. Davis wrote the case as *Kendrick Davis v. State of Kansas* but filed the motion under his 2011 criminal case number. Davis cited to the standard for a claim of innocence in *Schlup*, in which the United States Supreme Court said: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

3

eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. However, Davis' motion focuses on his theory that the State conspired against him to obtain a conviction, in violation of Twenty-Eighth Judicial District Local Rule No. 4.108. He contends his motion was credible because he proposed the introduction of new reliable evidence—informing the jury that the district court had violated the local court rule by using Acosta as a CI. Davis also claimed ineffective assistance of defense counsel by using improper means of suppression of evidence which caused manifest injustice. He asserts that defense counsel failed by moving for suppression of evidence rather than seeking contempt proceedings to get Acosta's testimony suppressed. Davis also contends he was denied the right to an interlocutory appeal on adverse rulings and defense counsel failed to object to the State's introduction of K.S.A. 60-455 evidence.

On March 30, 2017, the district court summarily denied Davis' motion. The court determined the motion duplicated the arguments contained in his 2016 motion. The court noted that it denied the 2016 motion in December 2016 and Davis failed to appeal the order. The court stated: "The findings made in said order are hereby incorporated by reference and the Defendant's Motion for Application of Actual Innocence Pursuant To: *Schlup v. Delo* is hereby denied."

Davis appeals.

ANALYSIS

Davis contends the district court improperly addressed his motion as a criminal matter under his criminal case number rather than using the proper procedures and consideration as a K.S.A. 2018 Supp. 60-1507 motion. He asks us to remand the matter to the district court to be properly filed as a civil case.

4

Davis argues this issue involves statutory interpretation over which we have unlimited review. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). The State proposes the appropriate standard of review is that for the summary denial of a K.S.A. 60-1507 motion, which permits unlimited review as well. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Because Davis challenges the district court's interpretation of his motion, it seems unlimited review based on statutory interpretation—determining under which statute to review the motion—is appropriate.

Davis only challenges how his motion was filed and the district court's treatment of the motion as a criminal matter rather than a separate civil matter. He does not argue the merits of the motion. He argues the Supreme Court has determined that pro se pleadings are liberally construed, giving effect to the content rather than the labels and forms used. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 88 (2004). He points out that in the second paragraph of his motion, he wrote: "Defendant filed this application as a post-conviction remedy. Pursuant to Chapter 60, Article 15 and makes this application under the jurisdiction of the Writ of Habeas Corpus." There is no argument that the motion should have been considered as a K.S.A. 60-1507 motion. However, the State contends the court did consider it as such by incorporating by reference the order from his 2016 motion that was also treated as a K.S.A. 60-1507 motion despite being filed in the underlying criminal case.

Davis contends the case was improperly considered, evidenced by the court's filing the motion under the criminal case number, failing to provide findings of fact and conclusions of law, and not addressing all claims in the motion.

Davis filed the motion under his criminal case by including the case number in the motion's heading. But the district court liberally construed the motion, as it had the 2016 motion, as a 60-1507 motion. Had the court not done so in the 2016 motion, it would not

have had jurisdiction to entertain the motion to the extent that it did as a motion for a judgment of acquittal must be filed within seven days of discharge of the jury. K.S.A. 22-3419(3). By incorporating the order for the 2016 motion in the order for the motion for actual innocence, the district court treated Davis' motion as a 60-1507 motion.

Next, Davis contends the district court failed to make findings of fact and conclusions of law which Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228) requires for courts in deciding 60-1507 motions. Though the district court did not make new findings of fact and conclusions of law, it found this motion to have the same arguments as the 2016 motion and incorporated by reference all findings and conclusions. The purpose of requiring strict compliance with Rule 183(j) is to allow meaningful review on appeal. *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). So long as the record provides the court's findings of facts and conclusions of law sufficient to satisfy Rule 183(j), remand is not required. 31 Kan. App. 2d at 239. The court's 2016 order provides sufficient findings of fact and conclusions of law on the same arguments such that meaningful appellate review is possible.

Davis' final challenge is that the district court only addressed his claim of actual innocence, ignoring his challenge for ineffective assistance of counsel. However, he fails to acknowledge that the court did not reach the merits of his motions because his motions did not overcome the barrier to untimeliness. The Kansas Supreme Court denied review of Davis' appeal on August 4, 2015. He filed his 2016 motion on October 11, 2016. Davis did not appeal the summary dismissal of the 2016 motion. He did not file the current motion until February 21, 2017, two and a half years after termination of appellate jurisdiction. To warrant extension of the time limitation, he must have shown that manifest injustice would result from dismissing his motion. K.S.A. 2018 Supp. 60-1507(f)(2). Under K.S.A. 2018 Supp. 60-1507(f)(2)(A), "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." The

6

court's analysis of his innocence claim was not consideration of the merits, but a determination of whether Davis sufficiently showed manifest injustice would result if the court dismissed the claim for untimeliness. The court properly determined Davis failed to explain why he filed the motion out of time or make a colorable claim of actual innocence. While he claims "actual innocence" he at no point suggests he did not commit the charged crimes or offer any new evidence to support such a claim. He merely argues issues with the State's evidence, which is not actual innocence.

The district court properly followed the procedures and requirements of K.S.A. 2018 Supp. 60-1507 and Kansas Supreme Court Rule 183 in finding Davis' motion was untimely filed.

Affirmed.