NOT DESIGNATED FOR PUBLICATION

No. 122,209

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT K. FERGUSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Opinion filed June 11, 2021. Affirmed.

*Steven D. Alexander*, of Kansas City, for appellant.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Robert K. Ferguson filed a K.S.A. 60-1507 motion in 2004, raising several ineffective assistance of counsel claims and a request for additional DNA testing. After reviewing the DNA test results, the district court denied the motion in March 2007. Neither Ferguson nor his counsel attended a hearing on the motion. In 2017, Ferguson filed a motion to reconsider with help from different counsel. The court denied the motion to reconsider because it was untimely, and Ferguson now appeals. After careful review of the issues presented, we too find Ferguson's motion to be untimely and affirm the district court's decision.

1

In 1998, a jury convicted Ferguson of one count of aggravated kidnapping, one count of rape, and one count of aggravated burglary. This court affirmed those convictions. *State v. Ferguson,* No. 82,640, unpublished opinion filed July 14, 2000, slip op. at 2 (Kan. App). The Kansas Supreme Court denied a petition for review, and the mandate issued in September 2000.

Two and a half years after the court issued its mandate, Ferguson filed a motion for relief under K.S.A. 60-1507 through his hired counsel Michael S. Holland Sr. The motion raised 16 claims of ineffective assistance directed at both his trial and appellate counsel's handling of his case. Ferguson also requested additional DNA testing to support some of his claims, which the district court granted. At Ferguson's request, the court stayed the proceedings in July 2004 until the DNA testing was complete. In that motion, Ferguson stated that "the DNA test results are intertwined and pertinent to both the criminal case and the 1507 motion filed by petitioner in this case."

Later, the district court issued an order on its own motion, stating it had opened and reviewed the sealed DNA test results. The court placed the results into the court file and made them available to the parties for inspection. The court also informed the parties of their rights to request a hearing and that it was retaining authority to set the matter for disposition.

After granting several continuances at Holland's request, the district court conducted a hearing in February 2007. Although the court mailed the notice of the February 2007 hearing, Holland did not appear at the scheduled hearing. In the notice of the hearing the court noted that "[t]he test results did not support Defendant's contentions in the criminal case, Defendant's Motion in that criminal case was dismissed, and the test results have a direct bearing on the contentions in the 60-1507 case." In a written decision

filed in March 2007, the court found that the DNA test results refuted Ferguson's claims raised in his K.S.A. 60-1507 motion, concluded Ferguson abandoned the remaining claims, and dismissed the motion.

In January 2017, Ferguson moved to reconsider through new counsel. Along with renewing the claims made in the original K.S.A. 60-1507 motion, Ferguson asserted that the court violated his due process rights because the district court failed to notify him personally about the February 2007 hearing and also because neither Ferguson nor Holland was present at the hearing.

The district court conducted a preliminary hearing in August 2017, at which Ferguson appeared in person and with counsel. Ferguson's counsel limited his argument to four ineffective assistance of trial counsel claims raised in the original K.S.A. 60-1507 motion: (1) failing to object to jury instruction number eight; (2) failing to investigate potential alibi witnesses; (3) failing to request a mistrial; and (4) failing to object to the use of Ferguson's blood for DNA comparison.

At the hearing, the district court also asked whether the court had jurisdiction to entertain the motion to reconsider and gave the parties an opportunity to respond. Ferguson reiterated his argument that a due process violation occurred because neither he nor Holland were present at the February 2007 hearing. The State explained it was an issue of first impression and declined to commit to a specific position based on limited research. At the close of the hearing, the court announced it was taking the matter under advisement.

In December 2017, the district court issued an order setting an evidentiary hearing, which the court continued several times. It did not finally occur until January 2019. At the evidentiary hearing, Ferguson testified along with attorney Christopher Rogers. Rogers testified as an expert witness on Ferguson's behalf on the issue of ineffective

assistance of counsel. The State called Ferguson's trial attorney, Timothy Showalter, as a witness as well. At the end of the hearing, the court again took the matter under advisement.

The district court issued a written ruling in September 2019, finding first that Ferguson's motion to reconsider was untimely filed. In particular, the court explained that motions to reconsider are treated as motions to alter or amend a judgment under K.S.A. 2020 Supp. 60-259(f), which "'must be filed no later than 28 days after the entry of judgment.'" Because Ferguson waited to file his motion nearly ten years after the court's dismissal, the court determined it lacked jurisdiction and declined to reconsider the prior ruling on Ferguson's K.S.A. 60-1507 motion.

That said, the district court addressed the merits of Ferguson's ineffective assistance of trial counsel claims anyway because of this court's decision in *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003) (noting district court's failure to issue specific findings of fact and conclusions of law precluded meaningful appellate review). Although the original K.S.A. 60-1507 motion was timely filed, the court held Ferguson had failed to show manifest injustice to excuse an untimely renewal of the motion and also that he failed to show Showalter provided ineffective assistance on each claim.

Ferguson timely appealed.

ANALYSIS

Ferguson argues the district court erred in denying his motion to reconsider for being untimely. He asserts the court should have treated his request as a motion for relief from judgment under K.S.A. 2020 Supp. 60-260(b)(6), or otherwise excused the statutory deadline because the handling of his prior motion created a due process violation. The

4

State responds that the court correctly found Ferguson had missed the deadline by waiting nearly ten years to request reconsideration.

The district court found it lacked jurisdiction to reconsider its prior order. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). And when resolving this issue requires interpretation of Kansas statutes, that too presents a question of law subject to unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

Kansas courts generally treat motions to reconsider as motions to alter or amend under K.S.A. 2020 Supp. 60-259(f). See *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). Yet Ferguson asserts the district court should have construed his filing as a motion for relief from judgment under K.S.A. 2020 Supp. 60-260(b)(6), which allows a court to grant relief "for any other reason that justifies relief." The key difference for Ferguson seems to be that a motion to alter or amend under K.S.A. 2020 Supp. 60-259(f) has a statutory deadline of 28 days from the entry of judgment, which cannot be extended for any reason. See also K.S.A. 2020 Supp. 60-206(b)(2) ("A court must not extend the time to act under [K.S.A. 2020 Supp. 60-259(f)].").

In contrast, a motion for relief from judgment filed under K.S.A. 2020 Supp. 60-260(b)(6) need be filed only "within a reasonable time." K.S.A. 2020 Supp. 60-260(c)(1). Ferguson contends the district court should have construed his motion as a motion for relief from judgment under K.S.A. 2020 Supp. 60-260(b)(6), thus only requiring him to file it within "a reasonable time" instead of within 28 days of the entry of judgment.

The State responds that K.S.A. 2020 Supp. 60-259(f) is a more specific provision of law and that it controls over K.S.A. 2020 Supp. 60-260(b)(6), and alternatively that

Ferguson waiting nearly ten years to file the motion does not constitute "a reasonable time."

Our Supreme Court has recently recognized a substantial overlap between the two statutes. *In re Estate of Lentz*, 312 Kan. 490, 499, 476 P.3d 1151 (2020). The court found that a motion is properly construed as a motion to reconsider under K.S.A. 60-259(f) when it is "timely[,] not completely devoid of substance, and offers at least some identifiable reason for reconsidering the judgment." 312 Kan. at 502.

The focus of Ferguson's motion was that the district court violated Ferguson's due process rights by holding a hearing on his prior K.S.A. 60-1507 motion without ensuring his or his prior counsel's presence. The motion then asked the court to "reconsider and rescind" the denial and conduct an evidentiary hearing on the K.S.A. 60-1507 motion. Thus, the motion did not appear to challenge the denial on the merits, but simply sought to have the ruling set aside since Ferguson believed he did not get a chance to argue the merits of his original K.S.A. 60-1507 claims. As a result, Ferguson is correct that the motion should have been construed as motion for relief from judgment under K.S.A. 2020 Supp. 60-260(b).

But for two reasons Ferguson is not entitled to relief even if the motion were construed properly. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (if district court reaches correct result, appellate court will uphold even though it relied on wrong ground or assigned erroneous reasons for its decision).

First, Kansas law does not allow a defendant to use a motion for relief from judgment to collaterally attack their convictions. See *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014). In that case, the Kansas Supreme Court held that a defendant cannot use K.S.A. 60-260 to collaterally attack a conviction or sentence because K.S.A. 60-1507 is the "exclusive" statutory procedure for pursuing that relief.

6

Several panels of this court have applied this rule to prevent motions for relief from judgment under K.S.A. 2020 Supp. 60-260 even when attacking a ruling on a K.S.A. 60-1507 motion. See *Mathis v. State*, No. 120,761, 2019 WL 4383298, at * 2 (Kan. App. 2019) (unpublished opinion) (Mathias claimed trial court lacked jurisdiction over his unsuccessful 60-1507 claim because his direct appeal was still pending); *Davis v. State*, No. 118,396, 2018 WL 5851626, at * 3 (Kan. App. 2018) (unpublished opinion) (calling attempt to distinguish from *Kingsley* on basis that movant was alleging a defect in habeas proceedings a "distinction without a difference"); *Loggins v. State*, No. 114,579, 2016 WL 4413504, at *2 (Kan. App. 2016) (unpublished opinion) (same); *Dixon v. State*, No. 112,676, 2015 WL 5311295, at *2 (Kan. App. 2015) (unpublished opinion) (same).

Ferguson briefly asserts that Holland was ineffective for not appearing at the February 2007 hearing or advising Ferguson of the resolution of the K.S.A. 60-1507 motion, but he never made that claim below so it is not properly before this court. See *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016) (issues not raised before the district court cannot be raised on appeal). He also makes clear in his brief and at oral argument that he "is not filing a new or subsequent 60-1507," which he could seek to justify as being both untimely and successive, even though that is the appropriate procedure to bring an ineffective assistance of K.S.A. 60-1507 counsel claim under the holding from *Kingsley*. Nor does Ferguson mention *Kingsley* or its progeny in his appellate brief. But this court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Second, based on the facts here, even if K.S.A. 2020 Supp. 60-260(b) did control here, we have no trouble concluding, for four reasons, that almost ten years is not a reasonable time in which to file a motion to reconsider.

First, Ferguson testified at the evidentiary hearing that after the case was dismissed in February 2007, he received notice of the dismissal from his attorney and signed it. But he did not read it.

Second, a few months later, in the summer of 2007, Ferguson's sister contacted the Holland law firm, which represented Ferguson, to get a case update. She was informed that Mr. Holland had died in June 2007. She was advised that no one appeared at the February 2007 hearing to argue the merits of Ferguson's K.S.A. 60-1507 motion. Correspondence ensued and in January 2008 the Holland firm advised that there was no other information to provide and there was nothing else they could do. Ferguson then signed a consent form to have the Holland law firm's file sent to his sister. As a result, even if he did not read the letter from his attorney following the dismissal, by the summer of 2007 he was on notice that his attorney had not appeared and that his claims did not succeed—for whatever reason.

Third, his sister kept the records until 2015 or 2016 when Ferguson started reviewing them. It was about that time he claims he discovered that the dismissal of his motion was not on the merits. That files were available to review, but he chose not to do so because he did not think they would be helpful, does not justify his inaction in this case.

Fourth, although Ferguson claimed that between 2009 and 2015 he did not know that he had the ability to petition the court for redress, in 2013, Ferguson filed a motion in his criminal case successfully challenging the assessment of additional court appointed attorneys fees.

Finally, the district court judge who heard Ferguson's testimony about the reason for the delay found it "untruthful, unpersuasive, and unconvincing." The judge found that "[i]t is clear to this Court that Ferguson knew and understood that he could petition the

8

Court for redress on any claims at any time. His explanation of why he dallied for almost 10 years to file this present action is unpersuasive." The whole point of an evidentiary hearing is for the court to access the credibility of the testimony and evidence. When the district court judge, who is able to view and weigh the testimony, determines credibility, we do not substitute our judgment for that of the court. See *Beauclair v. State*, 308 Kan. 284, 303, 419 P.3d 1180 (2018).

Once the Court of Appeals finds it lacks jurisdiction over a case, it must dismiss the appeal and "the better practice is not to proceed to opine about the merits of the issues." *Lentz*, 476 P.3d at 1160. As a result, we will not address the merits of Ferguson's ineffective assistance of counsel claims.

Affirmed.