No. 89,217

ROBERT J. GAUDINA, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(92 P.3d 574)

Opinion filed June 25, 2004.

*Stephen B. Chapman*, of Olathe, was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: This is an appeal by Robert J. Gaudina from a trial court ruling that he was not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel as alleged in his K.S.A. 60-1507 motion. We transferred the case pursuant to K.S.A. 20-3018(c).

Gaudina raises three issues: (1) the legality of his enhanced sentences; (2) whether he was entitled to an evidentiary hearing; and (3) whether the trial court violated Kansas Supreme Court Rule 183(j) (2003 Kan. Ct. R. Annot. 213), which requires a district court to make findings of fact and conclusions of law.

## Enhanced Sentence

Gaudina contends that our interpretation of the United States Supreme Court decision of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which we applied in *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), requires that his enhanced sentence be vacated.

Gaudina was convicted of one count each of aggravated battery, aggravated burglary, and aggravated kidnapping. The trial court dismissed the aggravated kidnapping conviction because the complaint contained a fatal error.

The trial court granted the State's motion for an upward durational departure and sentenced Gaudina to double the maximum presumptive sentences and ordered that the sentences be served consecutively for a total prison term of 150 months.

The determination of whether *Apprendi* and *Gould* apply is a question of law over which this court has unlimited review. See *Whisler v. State*, 272 Kan. 864, 868-79, 36 P.3d 290 (2001), *cert. denied* 535 U.S. 1066 (2002).

In *Gould* this court stated:

"Our holding on the constitutionality of upward departures under the KSGA has no retroactive application to cases final as of June 26, 2000, the date *Apprendi* was decided. However, the new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000." 271 Kan. at 414.

Kansas appellate courts have applied a three-step analysis for determining whether a change in the law should be applied retroactively in a criminal case under collateral attack. First, the court must determine whether the movant has properly raised the issue in his or her collateral attack. Supreme Court Rule 183(c) limits the issues that may be raised in a collateral attack. See, *e.g.*, *Easterwood v. State*, 273 Kan. 361, 370-72, 379-80, 44 P.3d 1209 (2002); *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990); *Alires v. State*, 21 Kan. App. 2d 676, 677-79, 906 P.2d 172 (1995). Second, the court determines whether the case was final when the new law was established. See, *e.g.*, *Easterwood*, 273 Kan. at 370; *Whisler*, 272 Kan. at 867; *Neer*, 247 Kan. at 143-44; *Alires*, 21 Kan. App. 2d at 679. If a case was final when the new law was established, the general rule is that the new law will not be applied to cases on collateral attack. *Whisler*, 272 Kan. at 878-79. Third, if the case was final before the new law was established, the court must determine whether any exception to the general rule against retroactive application applies. See, *e.g.*, *Easterwood*, 273 Kan. at 371-72, 379-80; *Whisler*, 272 Kan. at 870-71, 876-79; *Neer*, 247 Kan. at 143-44.

Supreme Court Rule 183(c) provides that "trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." (2003 Kan. Ct. R. Annot. 213.)

The State contends that Gaudina should not be allowed to raise this issue, since he failed to allege any exceptional circumstances excusing his failure to raise the issue on direct appeal.

This court has previously distinguished between trial errors under Rule 183 and sentencing errors. We have interpreted K.S.A. 60-1507 to allow a prisoner who asserts that his or her sentence is illegal or void to move the court to vacate the sentence at any time. *Carmichael v. State*, 255 Kan. 10, 15-16, 872 P.2d 240 (1994).

In *Whisler*, 272 Kan. at 879, we precluded retroactive application of *Apprendi* to cases on collateral attack.

The time frame in *Whisler* is materially different than the time frame here. In *Whisler*, the finality of Whisler's direct appeal was

not in question because *Apprendi* was decided over 3 years after Whisler's direct appeal was final. Here, Gaudina argues that his appeal was not final on June 26, 2000, because his time for filing a petition for writ of certiorari with the United States Supreme Court did not expire until August 2000.

Kansas has adopted the same rule for finality set forth in *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987). The *Griffith* Court stated that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." 479 U.S. at 328. In a footnote, the *Griffith* Court defined "final" as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." 479 U.S. at 321 n.6. The *Gould* court relied on the *Griffith* holding when it limited the retroactive application of *Apprendi* to cases that were not final on the date *Apprendi* was decided. 271 Kan. at 414 (citing *State v. Hood*, 242 Kan. 115, 117, 744 P.2d 816 [1987], which quotes *Griffith*).

In *State v. Heath*, 222 Kan. 50, 54, 563 P.2d 418 (1977), this court stated that "[a] conviction is generally not considered 'final' until (1) the judgment of conviction has been rendered, (2) the availability of an appeal has been exhausted, and (3) the time for any rehearing or final review has passed."

Given the definition of "final" set forth in *Griffith* and *Heath*, Gaudina's case was not final until his time for filing a petition for writ of certiorari with the United States Supreme Court had elapsed. We are not at liberty to speculate as to whether he would have filed a petition for writ of certiorari.

The rules for the United States Supreme Court require that a petition for writ of certiorari be filed within 90 days of the date the Kansas Supreme Court denies review. See 28 U.S.C. § 2101(d) (2000); Rule 13(1), 28 U.S.C. Appendix, Supreme Court Rules (2000). This court denied Gaudina's petition for review on May 3, 2000. Gaudina's case became final 90 days later, on August 1, 2000, after the *Apprendi* decision was filed. Consequently, Gaudina's en-

hanced sentences are subject to *Apprendi* and *Gould*. See *Gould*, 271 Kan. at 414.

Because *Apprendi* requires any fact used to increase the penalty for a crime other than a previous conviction to be submitted to a jury and found beyond a reasonable doubt, this court concluded that K.S.A. 2000 Supp. 21-4716 was unconstitutional on its face. *Gould*, 271 Kan. at 413.

Given the unique time frame here, we must vacate Gaudina's sentences and remand for resentencing.

### Evidentiary Hearing/Supreme Court Rule 183(j)

Gaudina argues that the district court erroneously denied his request for a hearing on his K.S.A. 60-1507 motion. The district court has discretion to determine whether a movant's claim is substantial before granting a full evidentiary hearing and ordering the movant's presence at the hearing. *Lujan v. State*, 270 Kan. 163, 170, 14 P.3d 424 (2000).

Kansas law gives the district court three options for proceeding on a 60-1507 motion. *Lujan*, 270 Kan. at 170.

"First, it may determine that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, in which case it will summarily deny the petitioner's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial." *Lujan*, 270 Kan. at 170-71.

Gaudina argues that he raised several factual issues regarding his claim of ineffective assistance of trial and appellate counsel and that the resolution of those issues required an evidentiary hearing with him present. The district court conducted a preliminary hearing, but Gaudina's counsel did not raise any arguments regarding Gaudina's claim of ineffective assistance of counsel. The district court summarily denied Gaudina's claim on ineffective assistance of counsel, stating: "[T]he court rules that most of the issues concerning the effective assistance of counsel were adjudicated on di-

rect appeal and the records and files show there was no ineffective assistance of counsel." Gaudina argues that the district court's summary disposition violates Rule 183(j), which requires the district court to "make findings of fact and conclusions of law on *all* issues presented." (Emphasis added.) Supreme Court Rule 183(j) (2003 Kan. Ct. R. Annot. 214).

In *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003), the Court of Appeals addressed Harris' claim that the district court failed to comply with Rule 183(j) when it issued a perfunctory denial of his 60-1507 motion. After looking at both the journal entry and the 60-1507 hearing transcript, the *Harris* court concluded that the district court had failed to issue any findings of fact and conclusions of law in compliance with Rule 183(j). Specifically, the *Harris* court noted the district court's failure to respond to any of Harris' claims regarding the ineffective assistance of his counsel and to address the standard for evaluating ineffective assistance of counsel claims. As a result, the *Harris* court had nothing meaningful to review to determine whether Harris' claims were meritorious, even though there were obvious "infirmities in Harris' factual presentation and legal reasoning." 31 Kan. App. 2d at 239-40.

*Harris* applies to this case. Although there are certain factual and legal infirmities in Gaudina's claims, there are insufficient findings and conclusions to allow this court to review all of Gaudina's claims of ineffective assistance of counsel. Accordingly, the matter must be remanded to the district court for findings of fact and conclusions of law consistent with Rule 183(j).

Reversed, sentences vacated, and case remanded for resentencing and for compliance with Rule 183(j).