NOT DESIGNATED FOR PUBLICATION

No. 121,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN DAVID MCCONNELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*,

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed May 1, 2020. Affirmed in part, vacated in part, and remanded for further proceedings.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: A jury convicted John D. McConnell of six drug-related offenses in 2010. McConnell appealed two of his six convictions, but they were affirmed by a panel of this court. Later, the Kansas Supreme Court denied a petition for review. McConnell then filed a pro se K.S.A. 60-1507 motion, alleging more than 30 instances of ineffective assistance of trial and appellate counsel. McConnell's appointed counsel requested an evidentiary hearing on two issues. Ultimately, the district court denied relief on the two issues presented at the evidentiary hearing and summarily denied relief on the remaining issues. For the reasons stated in this opinion, we affirm in part, vacate in part, and remand to the district court for further proceedings.

1

A panel of this court summarized the facts leading to McConnell's conviction in his direct appeal. *State v. McConnell*, No. 110,813, 2015 WL 3514001, at *1 (Kan. App. 2015) (unpublished opinion).

"On March 17, 2010, law enforcement officers noted a tag violation on the pickup truck John McConnell was operating and conducted a traffic stop. The officers recognized anhydrous ammonia in plain view in the back of the truck. In the ensuing search, officers found numerous items of 'lab trash' including Coleman Fuel, punctured starting fluid cans, a 20–pound propane cylinder, and empty blister packs that had contained pseudoephedrine. They also found battery casings from which the lithium, a statutorily identified precursor used in the production of methamphetamine, had been stripped.

"Because these items are all commonly used in the manufacturing of methamphetamine, the officers obtained a warrant to search the property where McConnell resided. During the search officers found a gallon glass jar that contained three distinct layers of substances that appeared to be a methamphetamine manufacture in progress. They also found guns, a substantial amount of marijuana in various containers, suspected methamphetamine residue, additional equipment and chemicals commonly used in the production of methamphetamine, and six unstripped lithium batteries.

"The State charged McConnell with manufacture of a controlled substance, alternative counts of criminal possession of a firearm, possession of lithium metal with intent to use it in the manufacture of a controlled substance, possession of methamphetamine, possession of marijuana with intent to distribute, and possession of marijuana without drug tax stamps affixed.

"A jury found McConnell guilty of all the charges. The district court sentenced McConnell to the mitigated term of 308 months in prison for the primary offense, manufacture of methamphetamine, and ordered that the sentences for all the lesser

additional offenses run concurrent with the sentence for that primary offense."
*McConnell*, 2015 WL 3514001, at *1.

On direct appeal, McConnell challenged his convictions for possession of lithium metal with intent to use it in the manufacture of a controlled substance and possession of marijuana with intent to distribute. A panel of this court affirmed both convictions. *McConnell*, 2015 WL 3514001, at *1, *6. After the Kansas Supreme Court denied a petition for review, McConnell timely filed a pro se K.S.A. 60-1507 motion in the district court.

In his motion, McConnell asserted over 30 claims for relief, including claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and numerous other errors. He also challenged his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Soon after, the district court appointed counsel to represent McConnell in pursuing his motion. The State responded to McConnell's motion by asking the district court to summarily dismiss all of the claims.

On March 29, 2017, the district court held a pretrial conference. At the conference, McConnell argued that the district court should hold an evidentiary hearing on two issues: 1) to determine whether he knowingly and voluntarily rejected a plea offer presented by the State, 2) to determine whether a witness' failure to testify violated the Confrontation Clause of the United States Constitution. Although McConnell stated that he was not abandoning the other issues raised in his K.S.A. 60-1507 motion, he did not specifically request an evidentiary hearing on his other claims for relief.

At the conclusion of the pretrial conference, the district court set an evidentiary hearing on the two issues requested by McConnell's counsel and summarily denied all of the remaining claims. At the evidentiary hearing held on May 19, 2017, the district court heard the testimony of McConnell as well as that of his trial counsel. In denying the two

claims that had survived summary dismissal, the district court found that the evidence presented demonstrated that McConnell was apprised of the terms of the plea offer and that McConnell's Confrontation Clause claim was meritless. Thereafter, McConnell timely filed a notice of appeal.

ANALYSIS

*Adequacy of District Court's Findings*

In his first issue, McConnell contends that the district court did not make adequate factual findings of fact and conclusions of law regarding its reasons for summarily dismissing most of the claims set forth in his K.S.A. 60-1507 motion. In support of this contention, McConnell cites Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230), which provides that in deciding K.S.A. 60-1507 motions, "[t]he court must make findings of fact and conclusions of law on all issues presented." In response, the State recognizes that this was not done in this case. Even so, the State argues that McConnell did not challenge the district court's factual findings at the district court level. As a result, the State suggests that this either precludes us from addressing the issue or causes us to presume the district court found all facts necessary to support its judgment.

"Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo." *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009). In *Nguyen v. State*, 309 Kan. 96, 100-01, 431 P.3d 862 (2018), the Kansas Supreme Court considered the effect of a district court's failure to make findings of fact and conclusions of law in summarily denying a K.S.A. 60-1507 motion. Our Supreme Court found that "Rule 183(j) 'requires a district court reviewing a K.S.A. 60-1507 motion to make explicit findings of fact and conclusions of law regarding each of the movant's specific issues.'" 309 Kan. at 112 (quoting *Haddock v. State*, 282 Kan. 475, 506, 146 P.3d 187 [2006]). It also found that boilerplate journal entries stating only that the motions, files, and records

4

of the case do not show manifest injustice or that a movant's conclusory allegations did not entitle him or her to relief do not comply with Supreme Court Rule 183(j). *Nguyen*, 309 Kan. at 112.

Here, in summarily dismissing the majority of McConnell's claims at the pretrial conference, the district court determined:

"My recollection, when I initially reviewed this motion when it came in, I didn't see any of the other issues have merit, in all honesty. And there's no point in having a trial on those issues. The only two that have merit that I can see are the ones raised by [McConnell's counsel]. So that's—we'll limit the trial to those two issues. And the court will rule against Mr. McConnell based on his pleadings on those other issues that are raised. That will save everyone a lot of work."

The district court also issued a pretrial order on March 29, 2017. The order stated, in part, that "after reviewing the file, hearing the arguments and statements of counsel, and being otherwise advised, the Court determines that Plaintiff's motion, files, and case records conclusively show that Plaintiff is entitled to no K.S.A. 60-1507 relief on all but two of his contentions."

On May 2, 2018, the district court issued a letter decision in which it discussed its findings on the Confrontation Clause and plea rejection claims. The district court added: "Other than the alleged Rule 183(c)(3) violation set out in section II. A., page 14-16, the court agrees fully with the facts and law stated by [the State] in the 'State's Response to McConnell's Written Argument,' and incorporates the same into the court's findings and conclusions stated herein." Yet the document only contained arguments related to the Confrontation Clause and plea rejection claims.

On May 18, 2018, the district court filed a journal entry that provided:

"THEREUPON having reviewed the files and records of the case, the testimony and evidence presented at the May 19, 2017 evidentiary hearing; the parties' post-evidentiary hearing written arguments; and being otherwise fully advised in the premises, the Court rules that Mr. McConnell has failed to prove that his remaining issues entitle him to relief under K.S.A. 60-1507. This is for the reasons set forth in the written ruling by the [district judge] on May 2, 2018."

We agree with the State that in order to give a district court the opportunity to correct inadequacies in the court's findings of facts and conclusions of law, litigants and their counsel generally bear the responsibility of objecting to such errors. As a general rule, we do not consider omissions in findings on appeal without first raising the issue before the district court. See *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). Without an objection, our court presumes the district court found all the facts necessary to support its judgment, but this court may consider a remand if the lack of specific findings precludes meaningful review. *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009).

Although we do not question the district court's findings and conclusions about the two issues presented at the evidentiary hearing, there is simply not enough information in the record on appeal for us to determine whether summary dismissal of the remaining claims set forth in the K.S.A. 60-1507 motion was appropriate. Where the findings and conclusions of the trial court are inadequate to permit meaningful appellate review, there is no alternative but to remand the case for new or additional findings and conclusions. See *State v. Gaudina*, 278 Kan. 103, 107-08, 92 P.3d 574 (2004); see also *Gannon v. State*, 305 Kan. 850, 875, 390 P.3d 461 (2017). Because we cannot discern from the record how the district court reached its conclusion on those claims that were summarily dismissed, we vacate that portion of the district court's decision and remand this matter to the district court for new or additional findings and conclusions.

*Ineffective Assistance of Counsel Claim*

McConnell also raises a separate—but related—issue regarding the summary dismissal of two claims of ineffective assistance of trial counsel. Specifically, McConnell argues that his trial counsel was ineffective for failing to put on any evidence to support his defense that someone else manufactured the methamphetamine and for failing to request a lesser included offense instruction for attempt to manufacture a controlled substance and his claims should not have been summarily dismissed. In response, the State asserts that the district court properly summarily dismissed the two claims because both lack merit.

McConnell argues the district court should have held an evidentiary hearing on these two claims of ineffective assistance of trial counsel. He points out that the right of an accused to have assistance of counsel for his or her defense is guaranteed by the Sixth Amendment to the United States Constitution and is "applicable to state proceedings by the Fourteenth Amendment." *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). The guarantee includes not only the presence of counsel but counsel's effective assistance as well. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Thus, McConnell claims he was denied a constitutional right.

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. [Citations omitted.]" *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

7

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. See *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

McConnell asserts that an evidentiary hearing is warranted to determine whether his trial counsel was ineffective for failing to offer evidence to support his defense that someone else manufactured the methamphetamine. In particular, McConnell claims his counsel should have either had him or a witness—John Tally—testify at trial to support this defense. He also claims that an evidentiary hearing is warranted to determine whether his trial counsel made a strategic decision not to request a lesser included instruction on attempted manufacturing of methamphetamine.

We recognize that McConnell's trial counsel did testify at the K.S.A. 60-1507 evidentiary hearing—albeit to address other issues. During his testimony, trial counsel explained his decision not to call John Tally as a witness. Specifically, he testified:

> "Q. . . . Did you ever have any intention of calling Mr. Tally to the stand?
> "A. No.
> "Q. Okay. Why—Why would you—I guess you—you make decisions regarding trial strategy as an attorney. Why would you or why wouldn't you want to call Mr. Tally?
> "A. The risk is that John Tally would go off and pin everything on Mr. McConnell
> . . . .
> "Q. My question was, knowing what came out at the trial regarding Keith Bristor's testimony, that John Tally pointed out this jar, okay, would cross-examining John Tally have helped? Now, I know you said prior to knowing whether or not that was coming out you're not going to put John Tally on the stand, is what I understood.
> "A. That's correct.

"Q. But now hearing that statement come out before the jury, would that have changed your opinion on whether or not John Tally should be cross-examined?

"A. No.

"Q. Why is that?

"A. My approach to this trial was to put John Tally on trial. How did John Tally go from a passenger in a vehicle being stopped over in Cowley County to becoming a participant in a search warrant over here in Sumner County? He never said that John was manufacturing. He pointed out all these items in the bar. Well, how could this guy come up with all the knowledge if he's not there? And, as John indicated, his theory was, well, John Tally is using my barn to cook this stuff, and I don't know it. If I had John Tally to testify, it may have blown that up on me.

"Q. Okay. Because you believed that Tally may have said—may have made specific accusations that Mr. McConnell was responsible for these items?

"A. For example, he could of said, 'Well, the reason I know the contents is in the jar and where it's at is because that's where John McConnell put it.'"

Perhaps this testimony was sufficient to deny McConnell's claim for ineffective assistance of trial counsel relating to the failure to call John Tally. But it does not address the failure to call McConnell as a witness at trial. We note that during the trial, the district court asked about McConnell testifying and he said, "on my attorney's advi[c]e, I'm declining to testify." Again, it is possible that the advice offered by trial counsel was a reasonable trial strategy. Perhaps that is what the district court thought. Unfortunately, we cannot determine this from the record we now have.

Similarly, it is possible that the decision made by trial counsel not to seek a lesser included instruction on attempted manufacturing of methamphetamine was wise. This is especially true given the fact that it appears that attempted and completed manufacture of a controlled substance in violation of K.S.A. 2009 Supp. 21-36a03 carried the same punishment because both were level 1 felonies and subsection (d) of the attempt statute, K.S.A. 2009 Supp. 21-3301, which reduced prison terms by six months for an attempt to commit a felony instead of a completed crime, did not apply to the manufacture of

controlled substances. Again, this may have been the district court's thinking on this issue. Regardless, we cannot determine this from the record on appeal that we now have.

When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no ight to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). As to these two claims of ineffective assistance of counsel, an evidentiary hearing may have been necessary to determine whether the decisions made by trial counsel were part of his defense strategy. Although it is possible that the district court could still summarily resolve one or both of these claims, it is difficult to know without weighing the testimony of trial counsel—which is the role of the district court.

CONCLUSION

In summary, we affirm the district court's denial of McConnell's K.S.A. 60-1507 as it relates to the two issues on which it conducted an evidentiary hearing. However, we vacate the summary dismissal of the remaining claims and remand this matter to the district court for further proceedings. In particular, we direct the district court to make new or additional findings of fact and conclusions of law regarding the reasons for summary disposition in compliance with Kansas Supreme Court Rule 183(j).

As for the need for an additional evidentiary hearing, we are sympathetic to the situation the district court found itself in after the K.S.A. 60-1507 attorney only made a specific request for a hearing on two of McConnell's claims. Perhaps additional testimony will be needed for the district court to resolve one or both of the claims of trial counsel's failure to present evidence at trial about the defense that someone else manufactured the methamphetamine and for failing to request a lesser included instruction for attempted manufacture of methamphetamine. So long as the district court follows the requirements

10

of K.S.A. 60-1507 and Kansas Supreme Court Rule 183(j), we will yield to it to determine whether any additional evidentiary hearing is required.

Affirmed in part, vacated in part, and remanded for further proceedings.