NOT DESIGNATED FOR PUBLICATION

No. 126,480

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JORDAN R. LEWIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Submitted without oral argument. Opinion filed January 30, 2026. Reversed and remanded with directions.

*Mark Sevart*, of Derby, for appellant, and *Jordan R. Lewis*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Jordan R. Lewis filed a motion for habeas corpus under K.S.A. 60-1507 in Sedgwick County District Court, asserting more than 50 grounds for relief. Fully adopting the findings in the State's response to Lewis' K.S.A. 60-1507 motion, the district court summarily denied his motion with no additional finding of facts or conclusions of law. Lewis now appeals the district court's summary denial of his K.S.A. 60-1507 motion. Finding the district court failed to make the necessary findings, we reverse the district court's decision and remand for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Lewis was convicted of two counts of aggravated criminal sodomy, two counts of aggravated indecent liberties with a child, one count of criminal sodomy, and possession of marijuana with intent to distribute. The details of the underlying crimes are thoroughly examined in our court's decision following Lewis' direct appeal of his convictions. *State v. Lewis*, No. 118,881, 2019 WL 2306629 (Kan. App. 2019) (unpublished opinion).

Highly summarized, at his criminal trial, the State claimed that Lewis had offered and given a ride to a couple of runaway teenage girls and then transported them to a friend's house. During the encounter, the State and victims claimed that Lewis gave the girls alcohol and drugs. They also alleged that Lewis and his friends engaged in sexual activity with the minor girls and planned to offer them as prostitutes before one of the girls was able to escape and alert law enforcement.

The State charged Lewis with multiple offenses, including two counts of aggravated human trafficking, two counts of kidnapping, aggravated indecent liberties with a child, or rape as an alternative, aggravated criminal sodomy, and possession of marijuana with intent to distribute. A jury found Lewis guilty of two counts of aggravated indecent liberties with a child, two counts of aggravated criminal sodomy, criminal sodomy, and possession of marijuana. He was sentenced to 330 months in prison with lifetime postrelease supervision.

Lewis appealed his conviction, arguing that the district court erred in its response to a mid-deliberation question. 2019 WL 2306629, at *4. Our court determined that the district court's response was neither legally erroneous nor an error of fact. 2019 WL 2306629, at *5-7. Lewis also contended that the district court's jury instructions prevented the jury from exercising its right to jury nullification. Yet our court found that

Lewis had invited any alleged error by agreeing to the jury instruction language during the trial, precluding appellate review. 2019 WL 2306629, at *7-8. Ultimately, our court affirmed Lewis' convictions. 2019 WL 2306629, at *8. The Kansas Supreme Court denied review and a mandate issued on October 14, 2020.

In July 2021, Lewis timely filed a habeas motion under K.S.A. 60-1507, raising over 50 issues ranging from evidentiary challenges, abuses of discretion by the district court, and ineffective assistance of counsel claims. Lewis supplemented his motion with 52 exhibits, totaling 794 pages of attachments.

The State responded to Lewis' K.S.A. 60-1507 motion, arguing that the district court should deny his motion without conducting an evidentiary hearing. The State did not address the issues Lewis raised individually in its response but replied to Lewis' claims in five categories: police misconduct, judicial error/misconduct, prosecutorial error/misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Its responsive brief addressed applicable legal standards in much of the brief and its examination of the 50-plus issues Lewis raised was accomplished in less than 5 pages of analysis. The State concluded that Lewis failed to meet his burden to show that he was entitled to an evidentiary hearing and asked the court to summarily deny his motion.

Approximately a year later, the district court summarily denied Lewis' K.S.A. 60-1507 motion in a "Motion Minutes Order." The district court's order stated, in its entirety: "Motion Denied. The court adopts the findings of fact and conclusions of law of the State's response to petitioner's motion pursuant to K.S.A. 60-1507. The petitioner's motion is denied for the reasons set forth in the State's response."

Lewis timely appeals the summary denial of his K.S.A. 60-1507 motion.

ANALYSIS

Lewis' counsel's brief and his pro se supplemental brief raise a myriad of issues on appeal, largely restating those contained in his original motion (issues labeled [a] thru [ss]), though the issues are somewhat intertwined and overlap between district court pretrial and trial errors, errors of trial counsel, and errors of direct appellate counsel.

As for his claims against his trial counsel, he argued that counsel's performance was deficient in multiple ways, many of which overlap with each other. Lewis claims his trial counsel ineffectively represented him by:

- failing to object to prosecutorial error at trial;

- failing to object to a racially imbalanced jury and to violation of speedy trial;

- failing to litigate prosecutorial misconduct in how discovery was handled;

- failing to request a hearing pursuant to *State v. Gregg*, 226 Kan. 481, 489, 602 P.2d 85 (1979), to evaluate the mental health of the victims;

- failing to pursue his claims of the illegal search of his truck and home and illegal seizure of evidence;

- failing to object to the testimonial evidence given by police with knowledge of *Miranda* violations pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966);

- allowing continuances to be taken without Lewis' signed consent and outside the presence of the judge;

- failing to designate and call an expert to testify on behalf of the defense concerning scientific and forensic evidence and to request a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), to challenge the State's experts;

- failing to object to nurse and forensic expert Latavia Klump's testimony to facts not supported by empirical evidence or any cited publication to preserve the issue for appeal;

- failing to object to evidence that was not accompanied by a chain of custody receipt;

- calling Lewis a "drug dealer" in opening statements and closing statements, denying Lewis his right to be presumed innocent;

- failing to investigate impeachment evidence available against police officers;

- agreeing with the district court to deny the jury a readback of testimony and failing to object to preserve the issue for appeal;

- failing to object to the prosecutor dropping a rape charge outside the presence of the jury and then directing trial counsel not to mention this to the jury at trial;

- failing to object to admission of evidence admitted through illegal search and seizure to preserve the issue for appeal;

- failing to object to the State using "black light" or "Lumalight" forensics experts to testify to areas never tested or verified as reliable;

- failing to argue why evidence presented at trial was insufficient to prove the elements of the crime;

- failure to object when video evidence of Lewis complaining about counsel was played to counsel, causing strife between counsel and Lewis;

- failing to argue the issue of joinder in the charging document and lack of a bill of particulars;

- failing to object to the district court's abuse of discretion when refusing to address Lewis' pro se motions and when the district judge spoke of "pimping out of the alleged victims"; and

- failing to argue multiplicity issues.

He also claims his direct appellate counsel provided ineffective assistance by failing to raise significant issues on appeal, including:

- failing to request a hearing under *State v. Van Cleave*, 239 Kan. 117, Syl. ¶ 2, 716 P.2d 580 (1986) (appellate court has discretion to remand ineffective assistance of counsel allegations upon sufficient showing in a direct appeal);

- failing to raise prosecutorial error claims;

- failing to address errors by trial counsel, including not calling an expert to testify for the defense and not pursuing issues related to the illegal search and seizure;

- failing to raise the district court's abuse of discretion when denying the request for a psychological examination of Lewis;

- failing to raise the district court's denial of a readback to the jury;

- failing to raise the district court's refusal to hear pro se motions, primarily Lewis' motion for speedy trial violations; and

- failing to address the district court's denial of a *Gregg*, 226 Kan. 481, examination on the victims.

In his pro se supplemental appellate brief, Lewis also raises some issues that are not related to ineffective assistance of counsel claims and directly argues that the district court abused its discretion or that the prosecutor committed reversible error during trial. These issues were raised in his K.S.A. 60-1507 motion in the district court but were not raised in the direct appeal of his convictions. 2019 WL 2306629, at *4-8. Again, many of the issues overlap with his ineffective assistance of counsel claims.

Before digging into the merits of any of Lewis' claims, we direct our attention to the legal standards we must apply.

6

*Applicable legal principles*

A district court facing a K.S.A. 60-1507 motion has three options:

> """(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" [Citations omitted.]"" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

As is the case here, when the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Although we undergo this unlimited review of the K.S.A. 60-1507 motion, Supreme Court Rule 183(j) (2025 Kan. S. Ct. R. at 238) still requires a district court to make explicit findings of fact and conclusions of law supporting its decision when it summarily denies a K.S.A. 60-1507 motion. *Breedlove v. State*, 310 Kan. 56, 60, 445 P.3d 1101 (2019); *Nguyen v. State*, 309 Kan. 96, 112, 431 P.3d 862 (2018). "The purpose of this requirement is to assist the appellate court in conducting meaningful review." *Breedlove*, 310 Kan. at 60. Whether the district court's findings of facts and conclusions of law comply with Supreme Court Rule 183(j) is a question of law that is reviewed de novo. *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019).

Boilerplate journal entries stating only that the motions, files, and records of the case afford no relief, or that movant's conclusory allegations did not entitle him or her to

7

relief, do not comply with Supreme Court Rule 183(j). *Nguyen*, 309 Kan. at 112. In *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000), the Kansas Supreme Court remanded the case for more specific findings because the court was "left guessing" as to the district court's rationale for its denial of the postconviction motion.

*The district court's findings are inadequate.*

Applying these principles to the case before us, we cannot avoid determining that the district court's findings here are inadequate under Supreme Court Rule 183(j). Generally, we presume that the findings made by a district court are adequate without a challenge to those findings before the district court. *State v. Jones*, 306 Kan. 948, 958-59, 398 P.3d 856 (2017). But we also recognize that, because Lewis' motion was summarily denied, and he is a pro se litigant who was not present when the district court issued its summary ruling without a hearing, he was likely unable to lodge any meaningful objection. See *Nguyen*, 309 Kan. at 112.

As noted above, the State's response before the district court examined Lewis' 50-plus claims in less than 5 pages of analysis. A few examples demonstrate the difficulties with the district court's approach to simply adopting this truncated analysis. Two of Lewis' claims were that trial counsel failed to request a *Gregg* hearing—to challenge the mental health issues of the alleged victims—and that trial counsel did not insist on a *Daubert* hearing to challenge the State's experts or offer any expert in support of the defense. See *Daubert*, 509 U.S. at 589-93. On a review of the record, it appears these claims may lack merit, as the record shows that trial counsel raised all these issues to the district court. But Lewis also claims that his direct appellate counsel failed to challenge any of these issues on appeal. The State's response to the 1507 motion—which the district court completely relied upon—did not even use the word "expert." We struggle to discern, then, how the district court made adequate findings on either of these claims.

8

Additionally, the State's response—and as follows, the district court's order adopting that response—does not outline the law applicable to an ineffective assistance claim, and as to both the trial counsel and appellate counsel claims, generally referred to "many" of the claims without delineating which claims were lacking and why. Instead, the claims were lumped together. We recognize that Lewis brings a multitude of claims, which were often overlapping and repeated; however, this does not absolve the court of its responsibility to review each on its own merit.

The State's (and so, the district court's) entire analysis of Lewis' prosecutorial error claims spans a single paragraph, finding Lewis claims "issues of mere trial error that are not properly raised because they are barred by res judicata. Movant has not established exceptional circumstances, thus his claims are not properly raised and must be denied." But, as mentioned briefly in Lewis' counsel's appellate brief, "ineffective assistance of counsel can qualify as an exceptional circumstance that justifies failing to raise an issue on direct appeal." See *Rowland v. State,* 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). This was not considered by the district court.

In *Stone v. City of Kiowa*, 263 Kan. 502, 506, 950 P.2d 1305 (1997), our Supreme Court acknowledged that a district court's adoption of a party's findings and conclusions in their entirety may be susceptible to abuse but that it is not inherently wrong. Our Supreme Court in *Breedlove* reinforced this finding, noting that although the court has frowned upon such practice of the district court adopting a party's conclusions in their entirety, it has declined to adopt a bright-line rule that makes the practice an automatic error. 310 Kan. at 60. And we do not find to the contrary here; that is, we are not faulting the district court simply for adopting the State's findings and conclusions. But when the court adopts findings that are incomplete, this demonstrates the danger in such a practice.

Again, Lewis' K.S.A. 60-1507 motion was not easy to decipher or analyze, and the above are only examples. And we recognize that many such motions "may be meritless

and, thus, not entitled to evidentiary hearings. However, the district court must tell us what its findings are and why it concluded the motion to be without merit if we are to conduct any sort of meaningful appellate review." *Moncla*, 269 Kan. at 65; see *Gaudina v. State*, 278 Kan. 103, 108, 92 P.3d 574 (2004) ("Although there are certain factual and legal infirmities in Gaudina's claims, there are insufficient findings and conclusions to allow this court to review all of Gaudina's claims of ineffective assistance of counsel. Accordingly, the matter must be remanded to the district court for findings of fact and conclusions of law consistent with Rule 183[j]."). For example, grouping claims and making factual findings and legal conclusions on each group of claims, while generally summarizing the claims in each group, is not erroneous where the findings of the district court are fully explained. See, e.g., *Freeman v. State*, No. 127,866, 2025 WL 3295280, at *1 (Kan. App. 2025) (unpublished opinion) (where the motion for K.S.A. 60-1507 relief presented 97 grounds for relief, which the district court organized into three categories on which to make findings).

Here, we find no alternative but to remand the case for new or additional findings and conclusions. We recognize that the district court may achieve this in one of two ways: either by the district court reviewing Lewis' claims thoroughly and explaining its decision with detailed findings of fact and conclusions of law; or by holding an evidentiary hearing. We leave that to the district court's discretion on remand.

Reversed and remanded with directions.